FILED  
97 AUG 12 AM 11: 10  
U.S. DISTRICT COURT  
N.D. OF ALABAMA

ENTERED  
AUG 12 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRED McNATT, JR., | } |
| Plaintiff | } |
| vs. | } CIVIL ACTION NO. |
| FRANKLIN LIFE INSURANCE COMPANY, ET AL., | } 97-AR-1515-E |
| Defendants | } |

## MEMORANDUM OPINION

The above-entitled case was removed to this court from the Circuit Court of Clay County, Alabama, by defendants, alleging two bases for jurisdiction, ERISA pre-emption and diversity.

The insurmountable problem with a claim of diversity jurisdiction is that the case was pending in the state court for more than one year prior to its removal. 28 U.S.C. § 1446(b). Defendants argue that this case should be an exception to that rule, but they overlook the fact that this court is a court of limited jurisdiction which, under principles of federalism, should strictly construe the jurisdictional statutes against jurisdiction. This court finds no exception in the statute for cases in which plaintiff amends to add class allegations.

There are two insurmountable problems with ERISA pre-emption as a basis for removal jurisdiction. First, ERISA's "super-duper" pre-emption is rapidly being narrowed so as to leave with the state

1



courts traditional fraud claims brought under state law against insurance agents and their principals, even though the alleged misrepresentations might indirectly involve an ERISA plan, the argument being that the effect, if any, on the employee benefit plan is too tenuous, remote or peripheral to warrant a finding that the state claim "relates to" the plan. For instance, in *Wilson v. Zoellner*, 114 F.3d 713, 717 (8th Cir. 1997) (quoting *In Home Health, Inc. v. Prudential Ins.*, 101 F.3d 600, 602 (8th Cir. 1996), the Eighth Circuit as recently as May 21, 1997, held:

> To maintain a cause of action for negligent misrepresentation under Missouri law, one must show (1) that the speaker supplied information in the course of the speaker's business or because of some other pecuniary interest; (2) that, due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) that the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) that the listener justifiably relied on the information; and (5) that as a result of the listener's reliance on the statement, the listener suffered a pecuniary loss.
>
> The Missouri common law on negligent misrepresentation is of general application. It does not actually or implicitly refer to ERISA plans.

This general idea was reflected by the Supreme Court itself on June 2, 1997, in *De Buono v. NYSA-ILA Medical and Clinical Services Fund*, ___ U.S. ___, 117 S. Ct. 1747 (1997), in which the Supreme Court lamented as follows:

> The boundaries of ERISA's pre-emptive reach have been the focus of considerable attention from this Court.

\* \* \*

> And in the 16 years since we first took up the question, we have decided no fewer than 13 cases.
>
> *   *   *
>
> The issue has generated an avalanche of litigation in the lower courts.
>
> *   *   *
>
> [A] LEXIS search uncovered more than 2,800 opinions on ERISA pre-emption.

*Id.* at 1749, n. 1. Although *De Buono* was not a garden-variety fraud case like the instant case or like *Zoellner*, the Supreme Court there found no pre-emption. Where the majority of the present Supreme Court will finally end up on ERISA pre-emption in fraud cases is anybody's guess.

In the instant case, neither the original complaint nor the amendment adding class allegations ever mentioned an ERISA-governed plan. Instead, they describe alleged fraudulent misrepresentations that do not purport to misrepresent an ERISA plan or to implicate ERISA. If there was any ERISA connection, it was peripheral and accidental. Plaintiffs now, with this court's permission, have amended the description of their putative class, expressly eliminating all insurance policyholders as to policies that have any ERISA connection, few though there may be. Any latent ambiguity on the subject has been removed. There is no longer any possibility of this action being "related to" an ERISA plan, and although the complaint at the time of removal forms the basis for

3

removal, it is subject to amendment or clarification so as to allow remand for lack of jurisdiction. The perfect example is a post-removal binding concession by a diverse plaintiff that he will never seek nor accept more than $74,999.00.

A separate, appropriate order of remand will be entered.

DONE this 12th day of August, 1997.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE